IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| In Re Seized Property described as: ) | Misc. No.: 3:23-mc-00093 |
| ) | |
| Funds seized from JP Morgan Chase ) | |
| Accounts ) | |

SECOND ORDER TO SEAL

This matter comes before the Court on motion of the United States to file the United States' Second Ex Parte Motion to Extend Notice Deadline, the Second Order Extending Notice Deadline, and attachments thereto under seal. The purpose of the Government's request is to protect the information contained within these documents as release of the information would jeopardize an ongoing investigation, reveal sensitive information about the nature and scope of the investigation, disclose the identity of cooperating sources and potential witnesses, and could result in the destruction of evidence, dissipation of assets, or flight from prosecution.

Having conducted an independent review of the facts set forth in the United States' Second Ex Parte Motion to Extend Notice Deadline, the Second Order Extending Notice Deadline, and attachments, as well as the reasons provided by the Government in its sealing motion, the Court concludes that the Government's significant countervailing interest in sealing outweighs the common-law public interest in access to such documents and that sealing the United States' Second Ex Parte Motion to Extend Notice Deadline, the Second Order Extending Notice Deadline, and attachments is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Court further concludes that, by sealing only the United States' Second Ex Parte Motion to Extend Notice Deadline, the Second Order Extending Notice Deadline, and attachments, the denial of access is narrowly tailored to serve the



government's interests in sealing. *Id.* at 429.

In reaching this conclusion, the Court has considered alternative measures less restrictive than sealing—such as redaction of portions of the document—but finds that, at this juncture, redaction would not protect the Government's compelling interests and un-redacted portions would largely be limited to information available in the application. *See In re Search Warrant for Secretarial Area Outside of Gunn*, 855 F.2d 569, 574 (8th Cir. 1999) (explaining that "line-by-line" redactions were "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information); *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant"). Based on the foregoing, the Court finds that the interests of justice are best served by filing the United States' Second Ex Parte Motion to Extend Notice Deadline, the Second Order Extending Notice Deadline, and attachments, under seal. Working copies may be made available to the United States Attorney's Office, the Drug Enforcement Administration, and any other law enforcement agency designated by the United States Attorney's Office.

Unless otherwise ordered, the documents sealed by this order shall remain sealed for one year from the date of this order, subject to extension for good cause shown and to the following



unsealing protocol: Any person or party who seeks access to the documents sealed by this order may file a written motion or request to unseal. The Clerk of Court is directed to file any motion or request to unseal on the public docket. Regardless of when the motion or request is made, the documents sealed by this order shall remain sealed until the Government or other affected party has an opportunity to respond to any motion or request to unseal.

It is therefore,

ORDERED that the United States' Second Ex Parte Motion to Extend Notice Deadline, the Second Order Extending Notice Deadline, and attachments, shall be filed under seal.

**IT IS SO ORDERED.**

*[signature]*
PAIGE JONES GOSSETT
United States Magistrate Judge

Columbia, South Carolina
April 4, 2023